**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

Godfrey N. Unaka Jr.,

Plaintiff,

v.

Trans Union LLC,

Defendant.

Case No.: ____________________

**JURY TRIAL DEMANDED**

# COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1. This is a civil action for actual damages, statutory damages, punitive damages, and costs brought by Plaintiff Godfrey N. Unaka Jr. ("Plaintiff") against Defendant Trans Union LLC ("TransUnion" or "Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C. Section 1681, et seq. ("FCRA"). This complaint is filed pursuant to the pro se pleading standards of Erickson v. Pardus, 551 U.S. 89 (2007), and Plaintiff respectfully requests that the Court construe it liberally.

2. TransUnion is a consumer reporting agency ("CRA") as defined by 15 U.S.C. Section 1681a(f). In that capacity, TransUnion is legally obligated to clearly and accurately disclose to a consumer, upon request, all information in the consumer's file at the time of

the request. 15 U.S.C. Section 1681g(a)(1). TransUnion is equally obligated to follow reasonable procedures to assure maximum possible accuracy of the information contained in consumer reports it prepares and disseminates to third parties. 15 U.S.C. Section 1681e(b). TransUnion is further obligated, upon receipt of a direct consumer dispute, to conduct a reasonable reinvestigation and to delete or modify any information found to be inaccurate, incomplete, or unverifiable. 15 U.S.C. Section 1681i(a)(1)(A), 1681i(a)(5)(A).

3. On May 27, 2026, Plaintiff requested and received his consumer file disclosure from TransUnion bearing File Number 467413237. That disclosure is materially incomplete. Across every adverse account and multiple satisfactory accounts, TransUnion withheld hundreds of data fields -- specifically, Balance, Past Due, Amount Paid, and Remarks fields -- that it maintains in its internal databases and routinely transmits to third-party purchasers of consumer reports. The omissions are systematic, uniform, and cross-account, confirming that they result from a deliberate software or policy decision rather than random data error. The result is a disclosure so deficient that Plaintiff cannot evaluate the accuracy of the information TransUnion is reporting and selling about him.

4. In addition, TransUnion is reporting a balance on the Merrick Bank credit card account that exceeds the account's stated credit limit by $243.00 -- a per se inaccuracy that is mathematically impossible on a revolving credit account absent a documented fee event, and one that TransUnion disseminated to at least five third-party creditors who pulled Plaintiff's consumer report as reflected in the hard inquiry section of the disclosure.

5. Furthermore, the Verizon Wireless tradeline on Plaintiff's May 27, 2026 disclosure bears the express notation confirming that Plaintiff previously disputed that account directly

with TransUnion. Notwithstanding that prior dispute, the account continues to appear in Collection status with a balance of $3,904.00, an unresolvable "X" (Unknown) rating for April 2026 that by definition cannot be verified, and no correction, deletion, or other remediation of the disputed information.

6. Plaintiff brings this action to enforce his statutory rights, to obtain a complete and accurate disclosure of his consumer file, to hold TransUnion accountable for the dissemination of inaccurate information to third-party creditors, and to recover all damages to which he is entitled under the FCRA.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 15 U.S.C. Section 1681p and 28 U.S.C. Section 1331 because this action arises under the FCRA, a federal statute.

8. Venue is proper in this district pursuant to 28 U.S.C. Section 1391(b) because Plaintiff resides in Quincy, Massachusetts, which is located within the District of Massachusetts, and because the acts and omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

9. Plaintiff Godfrey N. Unaka Jr. is a natural person residing at 116 E. Howard Street, Apt. 231, Quincy, Massachusetts 02169-8776. Plaintiff is a "consumer" as defined by 15 U.S.C. Section 1681a(c).

10. Defendant Trans Union LLC is a limited liability company incorporated under the laws of the State of Delaware. TransUnion maintains its principal place of business at 555 West Adams Street, Chicago, Illinois 60661. TransUnion is a nationwide consumer reporting agency within the meaning of 15 U.S.C. Section 1681a(f), in that it regularly

engages, for monetary fees, in the practice of assembling or evaluating consumer credit information for the purpose of furnishing consumer reports to third parties, and uses means and facilities of interstate commerce in connection with the preparation or furnishing of those reports. As a CRA, TransUnion is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

**A. Credit Report Overview**

11. On May 27, 2026, Plaintiff requested and received his personal consumer file disclosure from TransUnion. The disclosure bears File Number 467413237 and Report Date May 27, 2026. The disclosure reflects nine accounts, including two accounts with adverse information, and five regular hard inquiries from third-party creditors.

12. Pursuant to 15 U.S.C. Section 1681g(a)(1), upon receipt of Plaintiff's request, TransUnion was required to "clearly and accurately" disclose all information in Plaintiff's file at the time of the request. 15 U.S.C. Section 1681a(g) defines "file" to mean "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored."

13. The FTC Advisory Opinion to Darcy (June 30, 2000) placed all consumer reporting agencies on notice over twenty-five years ago that withholding data from a consumer's own file disclosure while providing that same data to third-party purchasers of consumer reports violates Section 609(a)(1) of the FCRA, codified at 15 U.S.C. Section 1681g(a)(1). Notwithstanding this notice, TransUnion's May 27, 2026 disclosure is riddled with blank, missing, and withheld data fields on a systematic, cross-account basis.

**B. Section 1681g(a)(1) -- Incomplete Disclosure Facts: Account-by-Account Inventory**

14. The following account-by-account inventory documents every material blank and missing data field in the May 27, 2026 file disclosure. The aggregate total of blank, missing, or withheld data entries across the entire disclosure is in excess of 250 fields.

**Merrick Bank (Account No. 412061806833****)**

15. The Merrick Bank credit card account was opened July 9, 2021 and closed March 28, 2022. The account bears a charge-off status. The disclosure reflects a total of 58 reported months. However, for approximately 55 consecutive months spanning August 2021 through February 2026, every single payment history row shows blank entries in the Balance field, the Past Due field, the Amount Paid field, and the Remarks field. The disclosure provides no data whatsoever for those 55 months. This results in approximately 220 blank data entries on this account alone.

16. The near-complete absence of payment history data on the Merrick Bank account renders Plaintiff unable to verify whether the charge-off date, the delinquency progression, or the reported balance is accurate, and renders the disclosure "unclear such that the consumer cannot determine the accuracy of the information" within the meaning of Alexander v. Equifax Info. Servs., LLC, 2018 WL 3025939 (D. Nev. 2018).

**Verizon Wireless (Account No. 2900953430****)**

17. The Verizon Wireless account was opened September 12, 2024 and closed October 24, 2024. The account carries a Collection status and a reported balance of $3,904.00. The payment history reflects only two months of data. For both reported months -- March 2026 and April 2026 -- the Balance, Past Due, and Amount Paid fields are blank. The April 2026 rating is listed as "X" (Unknown), an unresolvable status code that provides Plaintiff with no meaningful information about the account's standing for that month.

**Chime - Stride Bank (Account No. 46812986****)**

18. The Chime secured credit card account was opened December 6, 2022 and reflects 40 total months of history. For the period January 2023 through October 2023 -- ten consecutive months -- the Balance, Past Due, and Amount Paid fields are all blank. Additional months throughout the 40-month history show partial blank entries. The account carried balances ranging from $0 to $1,224 during the reported period, yet TransUnion withheld the corresponding payment data from Plaintiff's own file disclosure.

**Austin Capital Bank SSB (Account No. 8A9352****)**

19. The Austin Capital Bank installment loan was opened January 7, 2026. January 2026 -- the account's first reported month -- shows blank entries in the Balance, Past Due, Amount Paid, and Scheduled Payment fields. Data is not populated until February 2026.

**Winn Residential (Account No. 433161018****)**

20. This rental account was opened September 14, 2025 and closed February 8, 2026. Of the seven reported months, December 2025 and February 2026 show blank Balance, Past Due, and Amount Paid entries within an otherwise active payment period, depriving Plaintiff of payment data for two of the account's seven reported months.

**Winn Residential (Account No. 433161017****)**

21. This rental account was opened September 14, 2024. November 2024 and December 2024 show blank Balance, Past Due, and Amount Paid entries. October 2024 shows a payment of $2,549.00 yet the following months are blank, preventing Plaintiff from tracking the payment record during that period.

22. The systematic appearance of identical blank fields -- blank Balance, blank Past Due, and blank Amount Paid -- across every account on the same disclosure, regardless of account

type, creditor, or account age, confirms that these omissions result from a deliberate, uniform software or policy decision by TransUnion, not from random data error. This systemic pattern is direct evidence of willful noncompliance. Williams v. First Advantage LNS Screening Solutions, Inc., 947 F.3d 735 (11th Cir. 2020).

23. On information and belief, TransUnion maintains complete payment history data, balance data, and account detail data for all of the accounts identified above in its internal databases, and routinely transmits that complete data to third-party purchasers of Plaintiff's consumer reports. TransUnion's selective withholding of this data from Plaintiff's own file disclosure while providing it to third parties violates 15 U.S.C. Section 1681g(a)(1).

**C. Per Se Inaccuracy: Balance Exceeds Credit Limit -- Merrick Bank**

24. The TransUnion disclosure reports the Merrick Bank credit card (Account No. 412061806833****) as carrying a current balance of $743.00. The disclosure simultaneously reports a historical credit limit of $500.00 for the period March 2026 through May 2026. A reported balance of $743.00 against a credit limit of $500.00 means the balance exceeds the credit limit by $243.00 -- a per se inaccuracy because it is mathematically impossible for a balance to exceed the credit limit on a revolving account without reflecting a specific documented fee event that is absent from the disclosure. Gorman v. Wolpoff and Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009).

25. This inaccuracy was not merely stored in TransUnion's databases -- it was disseminated to third-party creditors who pulled Plaintiff's consumer report, as confirmed by the hard inquiry section of the disclosure. Any minimally compliant data-quality system would automatically flag and reject a balance-exceeds-limit entry before publishing it in a

consumer report. TransUnion's failure to implement such a basic integrity check is objectively unreasonable under Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007).

**D. Prior Consumer Dispute: Verizon Wireless Account**

26. The Verizon Wireless tradeline (Account No. 2900953430****) bears the notation: "Account information disputed by consumer (FCRA)." This notation constitutes a Narrative Code 166 entry and confirms that Plaintiff previously submitted a direct consumer dispute to TransUnion regarding this account.

27. Notwithstanding that dispute, the Verizon Wireless account continues to appear on the May 27, 2026 disclosure in Collection status with a balance of $3,904.00. The April 2026 payment history entry carries a rating of "X" (Unknown) -- an unresolvable status code that by definition cannot be verified. TransUnion has neither corrected nor deleted the disputed information, and the Balance, Past Due, and Amount Paid fields for both reported months remain blank.

28. TransUnion's failure to conduct a reasonable reinvestigation of the Verizon Wireless account, to delete or modify unverifiable information following that reinvestigation, and to resolve the active consumer dispute violates 15 U.S.C. Sections 1681i(a)(1)(A) and 1681i(a)(5)(A). A consumer reporting agency cannot discharge its reinvestigation duty by simply forwarding dispute information to a furnisher and rubber-stamping the furnisher's response. Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997). A CRA must review all relevant information submitted by the consumer, not merely the ACDV form transmitted to the furnisher. Ghazaryan v. Equifax Info. Servs., LLC, 740 F. App'x 157, 158 (9th Cir. 2018).

**E. Third-Party Dissemination: Hard Inquiries Establishing Article III Standing**

29. The regular (hard) inquiry section of the May 27, 2026 disclosure confirms that TransUnion transmitted Plaintiff's consumer file -- containing the inaccuracies and omissions described herein -- to the following third-party creditors on the following dates:

30. On January 16, 2026, Defendant transmitted Plaintiff's consumer report to Wells Fargo Card Services, P.O. Box 14579, Des Moines, Iowa 50306.

31. On August 25, 2025 and June 22, 2024, Defendant transmitted Plaintiff's consumer report to Syncb/TJX Co Dual Card, P.O. Box 71737, Philadelphia, Pennsylvania 19176.

32. On August 13, 2025 and July 17, 2025, Defendant transmitted Plaintiff's consumer report to Barclays Bank Delaware, P.O. Box 8803, Wilmington, Delaware 19899.

33. On October 30, 2024, Defendant transmitted Plaintiff's consumer report to Bank of America, P.O. Box 982238, El Paso, Texas 79998.

34. On August 13, 2024, Defendant transmitted Plaintiff's consumer report to Credit One Bank, 6801 S. Cimarron Road, Las Vegas, Nevada 89113.

35. Each transmission constitutes a separate dissemination of Plaintiff's consumer report -- containing incomplete disclosure data and, as to the Merrick Bank account, a per se balance inaccuracy -- to a third-party creditor. Each such dissemination constitutes a concrete injury sufficient to establish Article III standing under TransUnion LLC v. Ramirez, 594 U.S. 413 (2021), because Plaintiff's inaccurate and incomplete consumer file was published to entities that relied upon it in evaluating Plaintiff's creditworthiness.

**F. Willfulness Allegations**

36. TransUnion's violations of 15 U.S.C. Section 1681g(a)(1), 15 U.S.C. Section 1681e(b), and 15 U.S.C. Section 1681i are willful within the meaning of 15 U.S.C. Section 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 69 (2007). TransUnion's conduct is objectively unreasonable and creates a risk of harm substantially greater than carelessness for the following reasons:

37. First, the FTC Advisory Opinion to Darcy (June 30, 2000) placed TransUnion on actual notice over twenty-five years ago that systematically truncating or withholding file data from a consumer's own disclosure while providing that data to third-party purchasers violates Section 609(a)(1) of the FCRA. TransUnion's continued operation of this practice twenty-five years after receiving that direct advisory notice is objectively unreasonable under Safeco.

38. Second, the systematic, uniform pattern of blank Balance, blank Past Due, and blank Amount Paid fields appearing across every account on the same disclosure -- regardless of creditor, account type, or account age -- confirms that these omissions are the product of a deliberate software policy, not random data error. Courts have consistently distinguished systemic pattern omissions from isolated error in the willfulness analysis. Williams v. First Advantage LNS Screening Solutions, Inc., 947 F.3d 735 (11th Cir. 2020).

39. Third, TransUnion's failure to implement a basic automated data-integrity check comparing a reported balance against a reported credit limit -- two fields on the same account entry -- before publishing a consumer report to third-party creditors is objectively unreasonable. Any minimally compliant data-quality system would flag and reject a balance-exceeds-credit-limit entry before dissemination.

**G. Actual Damages**

40. As a direct and proximate result of TransUnion's violations of the FCRA, Plaintiff has suffered actual damages including, but not limited to: emotional distress caused by receiving a materially incomplete and inaccurate consumer disclosure that Plaintiff cannot use to verify the accuracy of his credit information; frustration and anxiety caused by the inability to identify and evaluate the accuracy of accounts bearing charge-off and collection notations when the underlying payment data is wholly withheld; expenditure of time and personal resources investigating the errors, preparing dispute correspondence, and pursuing legal redress; damage to Plaintiff's creditworthiness and credit profile resulting from the dissemination of inaccurate balance information to multiple third-party creditors; and loss of the ability to make informed financial decisions based on an accurate understanding of the information TransUnion is reporting and selling about Plaintiff to the credit marketplace.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF 15 U.S.C. SECTION 1681g(a)(1)

### Willful and Negligent Failure to Provide Complete File Disclosure

41. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

42. 15 U.S.C. Section 1681g(a)(1) requires a consumer reporting agency to "clearly and accurately disclose to the consumer" "[a]ll information in the consumer's file at the time of the request." 15 U.S.C. Section 1681a(g) defines "file" to mean "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored."

43. TransUnion had a statutory duty to provide Plaintiff with a clear and accurate disclosure of all information in his file upon receipt of his May 27, 2026 request.

44. TransUnion violated this duty by issuing a disclosure that omits in excess of 250 blank or missing data fields across six accounts. Specifically: for the Merrick Bank account (412061806833****), TransUnion withheld payment history data for approximately 55 consecutive months and approximately 220 individual data fields; for the Chime account (46812986****), TransUnion withheld payment data for at least ten consecutive months; for the Verizon Wireless account (2900953430****), all payment fields are blank for both reported months; for the Austin Capital Bank account (8A9352****), the first reported month shows four blank payment fields; and for both Winn Residential accounts (433161018**** and 433161017****), multiple months within active payment periods show entirely blank payment rows.

45. The disclosure TransUnion provided is "unclear such that the consumer cannot determine the accuracy of the information," in violation of the standard established in Alexander v. Equifax Info. Servs., LLC, 2018 WL 3025939 (D. Nev. 2018), and the file disclosure standard established in Gillespie v. Trans Union Corp., 482 F.3d 907 (7th Cir. 2007).

46. TransUnion's conduct was willful within the meaning of 15 U.S.C. Section 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), for the reasons set forth in the Willfulness Allegations section above.

47. In the alternative, TransUnion's conduct was negligent within the meaning of 15 U.S.C. Section 1681o.

48. As a direct and proximate result of TransUnion's violations of 15 U.S.C. Section 1681g(a)(1), Plaintiff has suffered actual damages as described above. Plaintiff is entitled

to actual damages pursuant to 15 U.S.C. Sections 1681n(a)(1) and 1681o(a)(1), statutory damages of not less than $100.00 and not more than $1,000.00 per willful violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and costs of this action pursuant to 15 U.S.C. Sections 1681n(a)(3) and 1681o(a)(2).

## COUNT II

## VIOLATION OF 15 U.S.C. SECTION 1681e(b)

## Willful and Negligent Failure to Maintain Maximum Possible Accuracy -- Per Se Inaccuracy

49. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

50. 15 U.S.C. Section 1681e(b) requires a consumer reporting agency to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" whenever it prepares a consumer report.

51. TransUnion had a statutory duty to follow reasonable procedures to assure maximum possible accuracy before disseminating consumer reports about Plaintiff to third-party creditors.

52. TransUnion violated this duty by preparing and disseminating consumer reports reflecting a current balance of $743.00 on the Merrick Bank credit card account (Account No. 412061806833****) against a stated historical credit limit of $500.00 for the period March 2026 through May 2026. A revolving credit account balance that exceeds the account's stated credit limit by $243.00 is a per se inaccuracy in the consumer report. Gorman v. Wolpoff and Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009).

53. This per se inaccuracy was disseminated to at least five third-party creditors as confirmed by the hard inquiry section of the May 27, 2026 disclosure: Wells Fargo Card Services (January 16, 2026); Syncb/TJX Co Dual Card (August 25, 2025 and June 22, 2024); Barclays Bank Delaware (August 13, 2025 and July 17, 2025); Bank of America (October 30, 2024); and Credit One Bank (August 13, 2024). Each dissemination of a consumer report containing this inaccuracy constitutes a separate violation of 15 U.S.C. Section 1681e(b).

54. TransUnion's failure to implement a basic automated check comparing the reported balance against the reported credit limit before publishing a consumer report is objectively unreasonable under Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), constituting willful conduct within the meaning of 15 U.S.C. Section 1681n.

55. In the alternative, TransUnion's conduct was negligent within the meaning of 15 U.S.C. Section 1681o.

56. As a direct and proximate result of TransUnion's violations of 15 U.S.C. Section 1681e(b), Plaintiff has suffered actual damages as described above. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. Sections 1681n(a)(1) and 1681o(a)(1), statutory damages of not less than $100.00 and not more than $1,000.00 per willful violation per dissemination pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and costs of this action pursuant to 15 U.S.C. Sections 1681n(a)(3) and 1681o(a)(2).

## COUNT III

## VIOLATION OF 15 U.S.C. SECTIONS 1681i(a)(1)(A) AND 1681i(a)(5)(A)

**Failure to Conduct Reasonable Reinvestigation and Failure to Delete or Modify Unverifiable Information**

57. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

58. 15 U.S.C. Section 1681i(a)(1)(A) requires a consumer reporting agency, upon receipt of a direct consumer dispute, to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and to record the current status of the disputed information or delete the item from the file within thirty days.

59. 15 U.S.C. Section 1681i(a)(5)(A) requires a consumer reporting agency to promptly delete any information that is found to be inaccurate, incomplete, or cannot be verified upon completion of a reinvestigation.

60. The May 27, 2026 TransUnion file disclosure for the Verizon Wireless account (Account No. 2900953430****) bears the express notation: "Account information disputed by consumer (FCRA)." This notation confirms that Plaintiff previously submitted a direct dispute to TransUnion regarding this account as required by Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 890 (9th Cir. 2010), thereby triggering TransUnion's reinvestigation obligations under 15 U.S.C. Section 1681i(a)(1)(A).

61. Notwithstanding that dispute, the Verizon Wireless account continues to appear on the disclosure in Collection status with a reported balance of $3,904.00. The April 2026 payment history entry carries a rating of "X" (Unknown) -- an unresolvable status code that by definition cannot be verified. TransUnion has neither corrected nor deleted the disputed information. The Balance, Past Due, and Amount Paid fields for both reported months remain blank.

62. TransUnion's failure to conduct a reasonable reinvestigation -- beyond merely forwarding an ACDV to the furnisher and rubber-stamping its response -- violates 15 U.S.C. Section 1681i(a)(1)(A). Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997) (CRA cannot discharge its reinvestigation duty by merely shifting responsibility back to the furnisher). Ghazaryan v. Equifax Info. Servs., LLC, 740 F. App'x 157, 158 (9th Cir. 2018) (CRA must review all relevant consumer-submitted documentation; ACDV-only reinvestigation is unreasonable as a matter of law).

63. TransUnion's failure to delete or modify the Verizon Wireless tradeline, which contains an "X" (Unknown) rating that is by definition unverifiable, further violates 15 U.S.C. Section 1681i(a)(5)(A).

64. As a direct and proximate result of TransUnion's violations of 15 U.S.C. Sections 1681i(a)(1)(A) and 1681i(a)(5)(A), Plaintiff has suffered actual damages as described above. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. Sections 1681n(a)(1) and 1681o(a)(1), statutory damages of not less than $100.00 and not more than $1,000.00 per willful violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and costs of this action pursuant to 15 U.S.C. Sections 1681n(a)(3) and 1681o(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Godfrey N. Unaka Jr. respectfully requests that this Court enter judgment in his favor and against Defendant Trans Union LLC as follows:

(a) Judgment in favor of Plaintiff and against Defendant on all counts;

(b) Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. Sections 1681n(a)(1) and 1681o(a)(1);

(c) Statutory damages of not less than $100.00 and not more than $1,000.00 per willful violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), with each dissemination of Plaintiff's consumer report to a third-party creditor constituting a separate violation;

(d) Punitive damages for willful violations of the FCRA pursuant to 15 U.S.C. Section 1681n(a)(2);

(e) Costs of this action pursuant to 15 U.S.C. Sections 1681n(a)(3) and 1681o(a)(2);

(f) Injunctive relief directing Defendant to provide Plaintiff with a complete and corrected file disclosure, including all payment history data, balance data, and account detail fields for every tradeline contained in Plaintiff's consumer file;

(g) Such other and further relief as this Court deems just and proper.

Plaintiff reserves the right to amend this Complaint pursuant to Federal Rule of Civil Procedure 15(a) to add reinvestigation counts under 15 U.S.C. Section 1681i following expiration of any applicable reinvestigation window.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Godfrey Unaka

Godfrey N. Unaka Jr.

Pro Se Plaintiff

116 E. Howard Street, Apt. 231

Quincy, Massachusetts 02169-8776

Email: Juniorunaka@gmail.com

Telephone: (857) 230-2010

Dated: ____5/6/26______________________