**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **GODFREY UNAKA JR.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TRANS UNION LLC,**<br><br>**Defendant.** | **Civil Action No.**<br>**26-12492-BEM** |

**MEMORANDUM AND ORDER ON**
**DEFENDANT'S MOTION TO DISMISS**

**MURPHY, J.**

This is an action arising out of three alleged violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff Godfrey Unaka Jr. alleges that Defendant Trans Union LLC, a consumer reporting agency ("CRA"), (I) withheld information in Plaintiff's consumer's file in violation of 15 U.S.C. § 1681g(a)(1) ("section 1681g"), (II) failed to maintain maximum possible accuracy of information in violation of 15 U.S.C. § 1681e(b) ("section 1681e"), and (III) failed to conduct a reasonable reinvestigation of disputed information and delete unverifiable information in violation of 15 U.S.C. § 1681i(a)(1)(A) and 1681i(a)(5)(A) ("section 1681i"). For the reasons set forth below, the Court will deny Defendant's motion to dismiss as to Count I but grant the motion as to Counts II and III.

## I. Background

The Court draws the following facts from Plaintiff's complaint, Dkt. 1 ("Complaint" or "Compl."), and accepts them as true for the purposes of the instant motion.[1]

On May 27, 2026, Plaintiff, a Massachusetts resident, requested and received his consumer file disclosure from Defendant Trans Union. *Id.* ¶¶ 3, 8. Upon review, Plaintiff found that hundreds of data fields across multiple accounts were blank, including items such as "Balance," "Past Due," "Amount Paid," and "Remarks." *Id.* ¶ 3. Among other alleged deficiencies, Plaintiff identified approximately fifty-five consecutive months of payment history information missing on a credit card account associated with Merrick Bank. *Id.* ¶ 15. Plaintiff alleges that Defendant maintains this information in its internal databases and routinely transmits it to third parties. *Id.* ¶ 3. From 2024 to 2026, Defendant transmitted Plaintiff's consumer file to five third-party creditors: Wells Fargo, Syncb/TJX, Barclays, Bank of America, and Credit One Bank. *Id.* ¶¶ 29–35.

Additionally, a Verizon Wireless account listed in Plaintiff's file was labeled with a "Collection" status and reported balance of $3,904.00. *Id.* ¶ 27. Within this listing, the "Balance," "Past Due," and "Amount Paid" fields were blank. *Id.* Furthermore, the Verizon account was marked with a notation indicating "information disputed by consumer (FCRA)." *Id.* ¶ 26. In the account's April 2026 payment history entry, the consumer file also included a code of "'X' (Unknown)." *Id.* ¶ 27. Plaintiff alleges that the "'X' (Unknown)" notation is "unverifiable" information that Defendant is obliged to delete. *Id.* ¶ 63. He claims that the FCRA notation

[1] The Court notes that Plaintiff's Complaint contains extensive information regarding alleged issues across multiple accounts in his file. Consistent with the requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure, in assessing whether a complaint states a claim, the Court focuses only on the factual allegations that are material to the elements of the asserted causes of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008).

indicates that Plaintiff had previously raised a direct dispute to Defendant regarding his Verizon account, but that this information remains reported in his consumer file notwithstanding his protests and his assertion of error. *Id.* ¶¶ 26–28.

Plaintiff alleges that Defendant's actions caused "damage to [his] creditworthiness and credit profile," "loss of the ability to make informed financial decisions," "expenditure of time and personal resources investigating the errors, preparing dispute correspondence, and pursuing legal redress," "emotional distress," and "frustration and anxiety." *Id.* ¶ 40.

Plaintiff filed his Complaint on June 2, 2026. *See generally id.* He raises three claims against Defendant under the FCRA: failure to provide a complete file disclosure in violation of section 1681g, *id.* ¶¶ 41–48 (Count I); failure to follow reasonable procedures to maintain maximum proper accuracy in his report in violation of section 1681e, *id.* ¶¶ 49–56 (Count II); and failure to conduct a reasonable reinvestigation and remove inaccurate and unverifiable information in violation of section 1681i, *id.* ¶¶ 57–64 (Count III).

Defendant filed its motion to dismiss on August 21, 2026. Dkt. 11. In his opposition, filed on September 23, 2026, Plaintiff voluntarily withdrew Count II. Dkt. 18 at 8. Accordingly, the Court addresses only Counts I and III.

## II. <u>Standard of Review</u>

Courts analyzing claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure must determine whether a plaintiff's factual allegations—disregarding all "conclusory" statements—"state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making its determination, a court must "accept the truth of all well-pleaded facts and draw all reasonable inferences therefrom in the pleader's favor." *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012). At the pleading stage, plaintiffs need not demonstrate that they are likely to prevail, but the

"claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" *García-Catalán v. United States*, 734 F.3d 100, 102–03 (1st Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "The inquiry is usually limited to the facts alleged in the complaint, incorporated into the complaint, or susceptible to judicial notice," *Whelden v. U.S. Bank Nat'l Ass'n*, 494 F. Supp. 3d 68, 73 (D. Mass. 2020) (citing *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003)), "but the court may also consider other documents the authenticity of which is not disputed by the parties, documents central to the plaintiff's claim, and documents sufficiently referred to in the complaint," *id.* (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)).

"[T]he fact that the plaintiff filed the complaint pro se militates in favor of a liberal reading [of his complaint]." *Rodi v. S. New Eng. Sch. of L.*, 389 F.3d 5, 13 (1st Cir. 2004) (citing *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000) (explaining that "courts hold pro se pleadings to less demanding standards than those drafted by lawyers")). However, "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). A district court's duty to liberally construe a pro se litigant's pleadings does not permit the court "to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979); *accord Vieira v. De Souza*, 22 F.4th 304, 311 (1st Cir. 2022) ("A district court should not assume the role of advocate for the pro se litigant, and may not rewrite a petition to include claims that were never presented." (cleaned up) (*Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999))).

## III. <u>Discussion</u>

### A. <u>Count I: Violation of Section 1681g(a)(1)</u>

Plaintiff alleges that Defendant violated section 1681g by failing to "'clearly and accurately disclose to the consumer' '[a]ll information in the consumer's file at the time of the request.'" Compl. ¶¶ 42–44 (quoting section 1681g) (alteration in original).

In particular, Plaintiff alleges that Defendant withheld, among other information, payment history data for approximately fifty-five consecutive months and approximately 220 individual data fields associated with a Merrick Bank account. *Id.* ¶ 44. Defendant counters that Plaintiff does not allege that Defendant had information from a furnisher and nevertheless failed to include that information in his file. Dkt. 12 at 7–8.

Section 1681g obligates reporting agencies to "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the [consumer's] request." 15 U.S.C. § 1681g(a)(1). The purpose of this provision is "to enable consumers to obtain information in order to dispute any potential inaccuracies in the file so that inaccurate information is not sent to third parties." *Vaiano v. Experian Info. Sols. Inc.*, 2025 WL 2323521, at *3 (D. Mass. Aug. 12, 2025) (quoting *Selvam v. Experian Info. Sols. Inc.*, 651 F. App'x 29, 33 (2d Cir. 2016)).

Construing the facts in the light most favorable to Plaintiff, the Court concludes that Count I states a plausible claim under section 1681g. Plaintiff specifies the file he requested and the date on which he requested it, Compl. ¶ 3; the response he received from Defendant, *id.*; the information allegedly missing from this report, and the accounts with which each piece of missing information is associated, *id.* ¶¶ 14–23; the dissemination of this report to five third-party creditors, *id.* ¶ 30–34; and Defendant's possession and transmission of the missing information as part of his consumer reports, *id.* ¶ 23; *cf. Vaiano*, 2025 WL 2323521, at *4 (citing *Ortez v. RentGrow, Inc.*,

2024 WL 4349252, at *4 (D. Mass. Sep. 30, 2024)) (noting the absence of all of these factors in dismissing the plaintiff's section 1681g claim).

Defendant argues that Plaintiff's claim should be dismissed because he does not "allege that [Defendant] failed to provide him with any additional information that he believes should be within his credit file." Dkt. 12 at 7. Citing to a Seventh Circuit case, Defendant notes that a credit "file" under section 1681g "does not include every piece of information that a consumer reporting agency has on a consumer," but rather "information included in a consumer report." *Id.* (citing *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 910 (7th Cir. 2007)). In *Gillespie,* the content allegedly missing from the disclosures was an internal "purge date" maintained by Trans Union, which dictated when the agency removed certain harmful information from its reports issued to creditors. 482 F.3d at 908. Drawing on section 1681g's wording and legislative history, as well as the FTC's interpretation that "file" encompassed only information "*that might be furnished, or has been furnished, in a consumer report on that consumer*," the court determined that the statute's language covered only information found in credit reports. *Id.* at 909–10 (emphasis in original). Because the "purge date" at issue was relevant only to the reporting agency's internal practices, section 1681g did not require its disclosure to consumers. *See id.* at 908–10.

Here, however, what Plaintiff alleges is missing *conforms* with even the Seventh Circuit's narrower reading. Unlike the "purge date" in *Gillespie,* the missing information identified in the Complaint includes items that feature in credit reports. Specifically, Plaintiff alleges that Trans Union "maintains complete payment history data, balance data, and account detail data for all of the accounts identified above . . . and *routinely transmits that complete data to third-party purchasers of Plaintiff's consumer reports*." Compl. ¶ 23 (emphasis added).

In particular, Plaintiff's allegations of missing payment history meet *Gillespie's* standard. Payment history information is a standard component of credit reports which lenders use to evaluate borrowers' financial responsibility and their likelihood of future repayments. *See Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 808–09 (7th Cir. 2023) (outlining the process by which CRAs compile information about consumers, including their payment history, "into standardized reports and . . . a number—a credit score—that affects whether, how much, and on what terms a consumer can borrow"); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 64 (1st Cir. 2008) (describing how a lender provided information about a plaintiff's allegedly delinquent payments to CRAs, who "updated [his] credit report accordingly").

Later courts have emphasized this distinction between information that is part of a report and items which are an agency's "mere internal record-keeping mechanism[s]." *Cortez v Trans Union LLC*, 617 F.3d 688, 712 (3d Cir. 2012); *see Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1101–02 (9th Cir. 2022) (finding that the defendant's internal profiles of consumers, including behavioral and marketing data, did not meet section 1681g's standard as information "shown to have been included by the CRA in a consumer report . . . or planned to be included in the future"). Payment history data fits into this former category of information well-established as a component of reports impacting a consumer's creditworthiness. *See Chaitoff*, 79 F.4th at 808–09; *DeAndrade*, 523 F.3d at 64; *see also Cortez*, 617 F.3d at 711–12 (holding an alert flagging a plaintiff as potentially subject to sanctions was part of her "file" under section 1681g, distinct from information relevant only to an agency's internal practices).

Reading the Complaint in the light most favorable to Plaintiff, the allegations regarding missing payment history support a plausible claim that Defendant violated section 1681g. Compl. ¶¶ 15–16. At this stage, the Court further accepts Plaintiff's allegations that Defendant possesses

this missing information and includes it in credit reports. *Id.* ¶ 23. On the other hand, the Court notes that if the facts later show that Defendant does not possess this payment history data, then Plaintiff's claim must fail, as Trans Union would not be in possession of any information which it excluded from Plaintiff's file in violation of section 1681g.

Defendant's motion to dismiss Count I is denied.

**B. <u>Count III: Violation of Section 1681i(a)</u>**

Plaintiff also alleges that Defendant violated section 1681i by failing to conduct a reasonable reinvestigation of disputed information in his account and failing to delete or modify this information accordingly. *Id.* ¶¶ 57–64. Defendant argues that Plaintiff has failed to allege an inaccuracy in his file as required under the statute.[2] Dkt. 12 at 3.

Under section 1681i, when consumers dispute the accuracy of information in their file, reporting agencies are required to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). However, "without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail." *DeAndrade*, 523 F.3d at 67. The alleged inaccuracy must be factual in nature "rather than the existence of disputed legal questions." *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010); *see DeAndrade*, 523 F.3d at 68. "[A] report is inaccurate if the information contained therein is false or materially misleading." *Verlus v. Experian Info. Sols., Inc.*, 2025 WL 836588, at *3 (D. Mass. Mar. 17, 2025) (quoting *McIntyre v. RentGrow, Inc.*, 2021 WL 3661499, at *7 (D. Mass. July 22, 2021)) (internal quotation marks omitted). Under section 1681i, "'[t]he

---

[2] In this permissive posture, the Court accepts that the FCRA notation on Plaintiff's Verizon account, Compl. ¶ 26, and the letter to Trans Union included as an attachment to the Complaint, *see* Dkt. 1-5, indicate that Plaintiff indeed submitted a prior dispute to Trans Union, despite the Complaint's failure to specify any "specific instance when he notified [Defendant] of inaccuracies." *Vaiano*, 2025 WL 2323521, at *3. However, even drawing this inference in Plaintiff's favor, the Court notes that the Complaint nonetheless fails to plead an inaccuracy under section 1681i.

decisive inquiry' is whether the defendant credit bureau could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.'" *DeAndrade*, 523 F.3d at 68 (quoting *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Plaintiff's allegations in Count III rest upon alleged failures by Defendant to conduct a reasonable reinvestigation of and to delete allegedly inaccurate or unverifiable information from his report. Compl. ¶¶ 57–64. In particular, Plaintiff highlights the presence of an "'X' (Unknown)" mark on his report associated with a Verizon Wireless account, along with the notation "Account information disputed by consumer (FCRA)." *Id.* ¶¶ 26–27. Plaintiff alleges that this notation "confirms that Plaintiff previously submitted a direct dispute to [Defendant] regarding this account." *Id.* ¶ 60. Even still, the allegedly inaccurate information remains in his file, and the "Balance," "Past Due," and "Amount Paid" fields for the reported months remain blank. *Id.* ¶ 27.

Defendant argues that the existence of the "X" notation on the Verizon Account is not itself an inaccuracy. Dkt. 12 at 6. The Court agrees. The mere presence of the "'X' (Unknown)" marker does not make the furnished information "misleading in a material sense." *Chiang*, 595 F.3d at 36–37. As Plaintiff's own Complaint admits, this code simply indicates that information is unknown. *See* Compl. ¶ 27. A file's mere disclosure that certain information is unknown does not *per se* establish that such information would have an adverse effect on Plaintiff's credit when viewed from a creditor's perspective. *See Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 298–300 (E.D. Pa. 2021); *Frazier v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 777 (7th Cir. 2023) (holding dashes indicating "no reporting" were accurate representations of the consumer's account and therefore not "inaccurate" under the FCRA). Plaintiff does not explain how the marker he

highlights is incorrect or misleading, or how it might impact his creditworthiness. Without such allegations, Plaintiff's claim as to the "'X' (Unknown)" notation must fail.

As for the rest of his Verizon account, Plaintiff points to the reported balance and other disputed listings, *see* Compl. ¶ 61, but by failing to allege "what the accurate information actually is," he fails to specify *how* the information he identifies is inaccurate, *see Verlus*, 2025 WL 836588, at *4 (quoting *Cruel v. Experian*, 2023 WL 4140828, at *3 (E.D. Pa. June 22, 2023)). Nowhere, for example, does Plaintiff allege that the reported balance of $3,904.00 is incorrect. Plaintiff does reference the blank "Balance," "Past Due," and "Amount Paid" fields associated with this Verizon account, Compl. ¶ 61, and then belatedly argues in his opposition to the motion to dismiss that "Count III also rests on [section 1681i's] separate direction regarding information that is 'incomplete,'" Dkt. 18 at 7. However, without allegations of what *should* be in his file, Plaintiff's Complaint cannot support an inference that his report "contains 'false or materially misleading' information." *Verlus*, 2025 WL 836588, at *4 (quoting *McIntyre*, 2021 WL 3661499, at *7).

Accordingly, Count III is dismissed.

## IV. <u>Conclusion</u>

For the foregoing reasons, Defendant's motion to dismiss is GRANTED in part and DENIED in part. Counts II and III are dismissed.

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court

Dated: November 18, 2026